IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK WILLIAM HAEFT,

                Plaintiff,                Case No. 3:06 CV 2833

  -vs-

                                           MEMORANDUM OPINION
UNITED STATES OF AMERICA,              AND   ORDER

                Defendant.

KATZ, J.

This matter is before the Court on Defendant Mark William Haeft's motion of November 22, 2006 (Doc. 1) and the United States' motion to dismiss or transfer Defendant's motion (Doc. 4).

Defendant's motion is characterized and docketed as a motion pursuant to 28 U.S.C. § 2255 to correct the sentence of a person in federal custody. "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while [section] 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The relevant language of section 2255 provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Section 2241 provides the following:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
>
> (b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

28 U.S.C. § 2241.

Defendant does not challenge the imposition of his sentence on any of the grounds listed in 28 U.S.C. § 2255. Rather, Defendant seeks a court order for the Bureau of Prisons to reclassify his sentence as one for a non-violent crime rather than a violent crime. The government correctly notes that, in substance, this request is not a motion pursuant to 28 U.S.C. § 2255, as it was docketed, but rather the basis for challenging the method in which his sentence is being carried out. It is therefore akin to a petition for habeas corpus under 28 U.S.C. § 2241. Such writs are properly brought in the federal district court having jurisdiction over the prison where the petitioner is incarcerated. 28 U.S.C. § 2241. In this case, that district would be the District of Maryland, because Defendant is located at the Federal Correctional Institution in Cumberland, Maryland.

This Court hereby transfers this case and Defendant's motion as a motion pursuant to 28 U.S.C. § 2241 to the United States District Court for the District of Maryland.

IT IS SO ORDERED.

                                                        s/ *David A. Katz*
                                                    DAVID A. KATZ
                                                    U. S. DISTRICT JUDGE